IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISON

| | |
|---|---|
| ENCAP, LLC, | ) |
|     Plaintiff | ) |
| | ) CIVIL ACTION NO. _____ |
| v. | ) |
| | ) JURY TRIAL REQUESTED |
| THE SCOTTS MIRACLE-GRO COMPANY, LLC, THE SCOTTS COMPANY, LLC, and OMS INVESTMENTS, INC., | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff, ENCAP, LLC ("Encap") by and through counsel, alleges and complains against Defendants, THE SCOTTS MIRACLE-GRO COMPANY, LLC, THE SCOTTS COMPANY, LLC, and OMS INVESTMENTS, INC. (collectively, "SMG") as follows:

### THE PARTIES

1. Encap is a company organized and existing under the laws of the State of Wisconsin, having a principal place of business at 3921 Algoma Road, Green Bay, WI 54311.

2. Encap is the owner of all rights and titles to U.S. Patent No. 8,904,704.

3. Defendant, THE SCOTTS MIRACLE-GRO COMPANY, LLC, is a company organized and existing under the laws of the State of Ohio, having a principal place of business at 14111 Scotts Lawn Road, Marysville, OH 43041.

4. Defendant, THE SCOTTS COMPANY, LLC, is a company organized and existing under the laws of the State of Ohio, having a principal place of business at 14111 Scotts Lawn Road, Marysville, OH 43041.

5. Defendant, OMS INVESTMENTS, INC., is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 10250 Constellation Blvd., Los Angeles, CA.

## JURISDICTION AND VENUE

6. SMG, upon information and belief, has made, used, offered for sale and/or sold products that infringe or that contribute to the infringement of Encap's United States Letters Patent No. 8,904,704, or has induced others to manufacture, use, sell and/or offer to sell infringing products in commerce, including, without limitation, in the State of Wisconsin (including the Eastern District), and continues to conduct this infringing activity.

7. SMG, upon information and belief, has been and is doing business in Wisconsin (including the Eastern District), operates within Wisconsin (including the Eastern District) with a fair measure of permanence and continuity; has purposefully availed itself of the privilege of conducting activities within Wisconsin (including the Eastern District); has established minimum contacts with Wisconsin (including the Eastern District), such that SMG should reasonably and fairly anticipate being hailed into Court in the Eastern District of Wisconsin; has purposefully directed its activities at residents of Wisconsin; and at least a portion of the patent infringement claim alleged herein arises out of or is related to one or more of the foregoing activities.

8. Upon information and belief, THE SCOTTS MIRACLE-GRO COMPANY, LLC, directs the manufacture, offer for sale, sale and licensing of products that infringe the patent that Encap asserts in this action. The Court has personal jurisdiction over THE SCOTTS MIRACLE-GRO COMPANY, LLC because it advertises, offers for sale and/or sells the infringing products in interstate commerce, including in the State of Wisconsin and in this District and continue to conduct this infringing activity in a continuous and systemic manner.

9. Upon information and belief, THE SCOTTS COMPANY, LLC, manufactures and sells products that infringe the patent that Encap asserts in this action. The Court has personal jurisdiction over THE SCOTTS COMPANY, LLC, because it advertises, offers for sale and/or sells the infringing products in interstate commerce, including in the State of Wisconsin and in this District and continues to conduct this infringing activity in a continuous and systemic manner.

10. Upon information and belief, OMS INVESTMENTS, INC., directs the licensing of products that infringe the patent that Encap asserts in this action. The Court has personal jurisdiction over OMS INVESTMENTS, INC., because it directs the advertising, offer for sale and sale of the infringing products in interstate commerce, including in the State of Wisconsin and in this District and continues to conduct this infringing activity in a continuous and systemic manner.

11. The jurisdiction of this Court over the federal claims is proper pursuant to 28 U.S.C. § 1331 (federal question) and § 1338 (patent).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 1400.

13. SMG is subject to the personal jurisdiction of this Court.

STATEMENT OF FACTS

14. Encap is an innovative, pioneering company that intentionally chose to embrace and invest in the United States Patent Office's patent system to protect its novel body of teaching for seed coating technologies. Encap's patent strategy was designed to file patents to protect what was rightfully invented and unique to the industry from potential infringers.

15. As a result, U.S. Patent No. 8,904,704 ("the '704 patent") issued on December 9, 2014 from application Serial No. 09/710,309 ("the '309 application") filed on November 10,

2000, entitled SEEDING TREATMENTS. The '309 application was a divisional application to U.S. Patent No. 6,209,259 ("the '259 patent"), filed by Encap on (July 10, 1998), as required by the USPTO. The '704 patent is assigned to Encap through an assignment dated November 10, 2000, and recorded at the United States Patent and Trademark Office at Reel 011278, Frame 0598. A true and correct copy of the '704 patent is annexed hereto as Exhibit 1.

16. In June of 2002, Encap, through its agents, Trans@ctive Partners, Ltd., made SMG aware of the '309 application, along with its parent '259 patent. Despite these facts, and rather than electing to work with Encap, in 2009 Scotts freely elected to move into Encap's field of invention with its Turf Builder Grass Seed product with Water Smart. This intentional decision was made knowing the potential risk, and related adverse consequences, that could emerge for SMG should Encap be able to successfully execute an effective patent strategy.

17. On July 18, 2011, Encap filed a complaint against SMG alleging infringement of Encap's '259 patent. The Court stayed this Cause of Action on 8/31/2012 and 11/7/2013 and prevented discovery, pending conclusion of ex parte and inter partes review ("IPR") petitions filed by SMG, effectively making the '259 patent no longer a patent-in-suit. Through the IPR, SMG sought to discredit the '259 claim language, while at the same time presenting all the prior art it could identify for what SMG described as overly broad claim terminology.

18. During this time, Encap had the '309 patent application pending in accordance with patent law, which kept Encap's patent rights alive. By doing so, Encap was able to adjust its patent claims based upon business conditions and post-issuance challenges to its patents because of Encap's disclosure in the '309 patent application. This legal, legitimate and long-term patent strategy created the opportunity for a competitive advantage for Encap while maximizing its intellectual property value. By doing so, Encap effectively prevented itself from

becoming the underdog by strategically creating a means of protecting what Encap rightfully invented and SMG freely elected to knock-off.

## COUNT I

19. Encap hereby incorporates by reference paragraphs 1-18 as fully set forth herein.

20. Upon information and belief, SMG has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. 8,904,704 by making, using, selling and/or offering for sale in Wisconsin and elsewhere products with features that read on at least one claim of the aforementioned patent, including, without limitation, the Turf Builder, Grass Seed with Water Smart products, and threatens to, and will continue to, infringe said Letters Patent, causing Encap great and irreparable damage unless enjoined by this Court, said infringement being without consent of Encap.

21. On information and belief, the foregoing acts of infringement were and continue to be willful.

22. SMG, by its infringing activity, is causing Encap irreparable damage and will continue to do so unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Encap prays that:

A. This Court adjudge the '704 patent infringed by SMG.

B. SMG's infringement be adjudged willful and deliberate.

C. SMG, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing

said '704 patent for the remainder of the term for which said patent has been granted.

D. Judgment be entered awarding to Encap damages, together with interest adequate to fully compensate for the infringement of said Letters Patent.

E. SMG be ordered to account for and pay to Encap any profits or royalties for any convoyed sales of products.

F. Encap be awarded increased damages as a result of SMG's willful infringement pursuant to 35 U.S.C. § 284.

G. An assessment of costs and attorneys' fees for this action be made against the SMG.

H. This case be deemed exceptional under 35 U.S.C. § 285.

I. SMG be ordered to pay pre-judgment and post-judgment interest on the damages awarded against it.

J. Encap be awarded such punitive damages as are appropriate in view of the willful conduct on the part of SMG.

K. That Encap be granted such other and further relief as the Court may deem just and proper.

Encap hereby requests a trial by JURY.

                Respectfully submitted,

                s/T. Wickham Schmidt
                T. Wickham Schmidt, State Bar No. 1062002
                Law Firm of Conway, Olejniczak & Jerry, S.C.
                231 South Adams Street
                Green Bay, WI 54305-3200
                TELEPHONE: (920) 437-0476
                FACSIMILE: (920) 437-2868

Philip M. Weiss (PW 4505)
WEISS & WEISS
410 Jericho Turnpike, Ste 105
Jericho, NY 11753
TELEPHONE: (516) 739-1500

Aaron T. Olejniczak, State Bar No. 1034997
Andrus Intellectual Property Law, LLP
100 East Wisconsin Ave, Suite 1100
Milwaukee, WI 53202
TELEPHONE: (414) 271-7590
FACSIMILE: (414) 271-5770

*Attorneys for Plaintiff*